IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JEREMY WASHINGTON, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 20-cv-50390 |
| v. | ) ) ) |
| MICHAEL CONLEY, *et al.*, | ) Honorable Judge Iain D. Johnston ) Honorable Judge Margaret J. Schneider |
| Defendants. | ) ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendants, Michael Conley, Jordin Black, Kassandra Marinelli, Benjamin Schlosser, Danny Martinez, Sr., and Luke Papke by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, and hereby respond to Plaintiff's Motion for Leave to File Amended Complaint, (Dkt. 99), stating the following:

**BACKGROUND**

On October 8, 2020, Plaintiff filed pro-se complaint, alleging violations of his constitutional rights during his incarceration at Dixon Correctional Center. (Dkt. 1). On June 24, 2021, Defendants filed their answer to Plaintiff's complaint. (Dkt. 45). On August 17, 2021, Plaintiff's current counsel entered their appearance. (Dkt. 53). On October 27, 2021, Plaintiff's counsel propounded Plaintiff's First Set of Requests for Production of Documents. On December 3, 2021, then Defense-counsel served Defendants' responses and produced 4,556 pages of documents. Thereafter, the parties agreed to amend pleadings to add additional defendants or counts on or by April 29, 2022. (Dkt. 55). On April 29, 2022, Plaintiff, through counsel, filed a First Amended Complaint. (Dkt. 68). On June 8, 2022, Defendants Conley, Black, Marinelli, Schlosser, Martinez, and Papke filed their answer to Plaintiff's

First Amended Complaint. (Dkt 77). Defendants Sonja Nicklaus and Administrative Major Kemmerman were named in Plaintiff's First Amended Complaint (Dkt. 77), but the docket does not reflect that these individuals were ever served or filed an answer[1]. Plaintiff's allegations arise from a cell extraction that occurred at Dixon Correctional Center on January 23, 2020. (Dkt. 77).

The parties engaged in additional discovery and Defendant's then-counsel produced an additional 2,227 pages of documents. On October 12, 2023, the undersigned counsel entered her appearance in this matter. (Dkt. 82). From November 28, 2022 to January 18, 2023, the undersigned counsel produced additional policies and procedures – an additional 99 pages. On July 17, 2023, Defendants responded to Plaintiff's Second Set of Requests for Production and produced 353 pages. Plaintiff is now seeking to amend his Complaint for the second time because "Plaintiff has learned substantial new facts and Defendants have made significant disclosures indicating the identifies of additional individuals. (Dkt. 99, pg. 2). Contrary to Plaintiff's assertion, the names of the newly added Defendants have been available to Plaintiff since December 3, 2021. As such, Plaintiff's motion should be denied because he was not diligent in seeking amendment and good cause does not exist.

## LEGAL STANDARD

Generally, motion for leave to amend a complaint is evaluated under Federal Rule of Civil procedure 15(a)(2). *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). However, the question of whether to allow a plaintiff to amend their complaint after the deadline for amendment of pleadings has expired must be evaluated under Rule 16(b). Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the Court's consent"); *See Trustmark Ins. Co. v. Gen. & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005)

---

[1] Pursuant to Fed. R. Civ. Pro. 4(m), Defendants Sonja Nicklaus and Administrative Major Kemmerman should be dismissed from this action.

("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause'"); *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014). Rule 16(b)(4) requires that courts first apply a heightened standard of "good-cause" in order to modify the scheduling order. *See Alioto*, 651 F3d at 719. The heightened good cause standard of Rule 16(b)(4) is applied before considering whether the requirements of Rule 15(a)(2) are satisfied. *Alioto*, 651 F.3d at 715. A court need not consider whether 15(a)(2) is satisfied when the court has determined that good cause does not exist. *see Travelers Prop. Cas. Co. of Am. v. DISH Network, L.L.C.*, 12-cv-3098, 2016 WL 1170899, at *5 (C.D. Ill. Mar. 24, 2016).

"In making a Rule 16(b) good-cause determination, the primarily consideration . . . is the diligence of the party seeking amendment." *Wilson v. Jones*, 16-cv-4025, 2018 WL 2158763, at *3 (C.D. Ill. May 10, 2018) (quoting *Trustmark Ins. Co.*, 424 F.3d at 553). "Relief is not warranted if the party seeking it has not acted diligently, if it is sought because of attorney neglect or inadvertence, or if the party seeking it has failed to satisfactorily explain delays that led to the need for modification of the scheduling order." *Id.* In cases where courts have found good cause, the moving party sought to amend the complaint within days of discovery of new information or evidence. *See Ewalt v. Collection Professionals. Inc.*, 19-cv-4023, 2019 WL 5727578, at *2 (C.D. Ill. Nov. 4, 2019) ("[t]he fact that Plaintiff's counsel sought to amend only days following the recipe of that new information is certainly the type of diligence contemplated by Rule 16(b)(4)"). Courts have also held that "[l]ack of prejudice or surprise to the nonmoving party is insufficient to establish good cause under Rule 16(b)." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 12-cv-50324, 2019 WL 556496, at *4 (N.D. Ill. Feb. 12, 2019).

**ARGUMENT**

**A. Good cause cannot be established because Plaintiff offers no explanation for the extensive delay in seeking amendment.**

Plaintiff's motion seeks leave to file his proposed Second Amended Complaint sixteen months after the deadline to amend pleadings and join additional parties has passed. (Dkt. 55, Dkt. 99). Courts have found that good cause does not exist when the moving party seeks to amend a complaint months after the deadline has passed. *See Arriogo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016) (affirming the denial of leave to amend four months after the deadline); *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (eight months); *Adams*, 742 F.3d at 734 (six months); *Alioto*, 651 F.3d at 720 (eight months); *Wilson*, 2018 WL 2158763, at *3 (eight months). Delays of five, seven, ten months demonstrate a lack of diligence. *Wilson*, 2018 WL 2158763, at *4. Here, Plaintiff offers no explanation for the extensive delay in seeking an amendment to his pleadings. Instead, Plaintiff vaguely refers to learning "new facts" during the course of discovery and after Defendants' disclosures. (Dkt. 99). However, such a vague assertion cannot justify the sixteen-month delay or attempt to explain why an amendment was not sought before the April 29, 2022 deadline. "The Seventh Circuit has repeatedly affirmed denials of motions for leave to amend where the plaintiff offered an insufficient explanation for [the] delay." *Abdallah v. FedEx Corp. Services, Inc.*, 16-CV-3967, 2019 WL 4464305, at *4 (N.D. Ill. Sept. 18, 2019). This Court must find that Plaintiff has not shown good cause to amend because he offers no substantive explanation in the sixteen-month delay in seeking an amendment.

**B. Good cause cannot be established because Plaintiff was aware of the involvement of the proposed defendants before the deadline had passed.**

In the proposed Second Amended Complaint, Plaintiff seeks to add Correctional Officer Brent Porter, Correctional Lieutenant Colton Love, Correctional Sergeant Christopher Wheeler, and Correctional Registered Nurse Katherine Emmons. (Dkt, 99, pg.

4

2). In support of his motion, Plaintiff avers that the names of these individuals and their roles in the incident were recently discovered during the course of discovery. *Id.* Plaintiff's claim is not complicated. In a nutshell, Plaintiff alleges that on January 23, 2020 Defendants used excessive force against him during a cell extraction. Plaintiff now seeks to add four additional defendants, based on the fact that these defendants interacted with Plaintiff immediately before or immediately after the cell extraction that give rise to this instant Complaint. While Plaintiff claims to have learned "substantial new facts" from Defendants "significant disclosures" (Dkt. 99, pg. 2), he fails to acknowledge that he was aware of the involved of each of the four proposed defendants before the deadline to amend the pleadings or join additional parties had passed.

On December 3, 2021, Defendants produced 4,556 pages of documents in response to Plaintiff's First Set of Requests for Production. (*See* Exhibit 1, Defendants' Responses to Plaintiff's First Set of Requests for Production). As a part of this production, Defendants served Plaintiff with the Internal Affairs Investigation Report and Incident Reports. (Exhibit 2 and Exhibit 3). The Internal Affairs Investigation Report and Incident Reports both provide the first and last names of the newly proposed defendants and delineates their roles or involvement in the cell extraction of January 23, 2020. (Ex. 2, 3). As such, Plaintiff had this information available to him as early as December 3, 2021, which was fourth months before the deadline to amend the pleadings or join additional parties. And yet, Plaintiff offers no explanation why he did not seek to amend his complaint before the deadline passed when he possessed all the necessary information to do so. As the deadline to amend the pleadings approached, Plaintiff "could and should have moved for an extension" if he wished to preserve the opportunity to amend the pleadings or join additional parties. *See Adams*, 742 F.3d at 734.

Courts have found that a contention that a party has been "diligent is unavailing" when the party has the all the information necessary for amendment prior to the deadline. *See MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 17-CV-1537, 2019 WL 6311987, at *9-10 (C.D. Ill. Nov. 25, 2019). "Rule 16(b) is intended in part to 'prevent parties from delaying or procrastinating and to keep the case moving toward trial.'" *Abdallah*, 2019 WL 4464305, at *4 (finding that plaintiff fell short of the good cause standard because he did not explain why he did not act sooner). Thus, this Court must find that Plaintiff fails to establish good cause under Rule 16(b) because he had all the information necessary for amendment before the deadline to amend the pleadings or join additional parties had passed.

**C. Amendment would be futile because the statue of limitations bars Plaintiff's claims against the newly proposed Defendants**.

Plaintiff's claims against the newly proposed defendants are time-barred by the applicable statute of limitations. "The Supreme Court held that actions under §1983 should be characterized as personal injury claims, and, as such, were governed by the personal injury statute of limitations in the state where the alleged injury occurred." *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992) (citing *Wilson v. Garcia*, 471 U.S. 261, 279 (1985)). "Civil rights claims, therefore, accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id*. the Seventh Circuit has held that "§1983 cases arising in Illinois are governed by the two-year statute of limitations on personal injury claims." *Id.* at 741 (citing *Kalimara v. Illinois Department of Corrections,* 879 F.2d 276, 277 (7th Cir.1989)). "The statute of limitations begins to run upon the discovery of the injury, even if the full extent of the injury is not discovered until much later … Were it not for this rule, the statute of limitations might be extended indefinitely—perhaps even to death, since until then it is always possible that the plaintiff's injury will worsen." *Goodhand v. United States*, 40 F.3d 209, 212 (7th Cir. 1994). In this instant matter, the statue of limitations period

6

ended on January 23, 2022 because Plaintiff's alleged injuries arise from a cell extraction that occurred on January 23, 2020. Therefore, any amendment to add additional parties would be futile.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request this honorable Court deny Plaintiff's Motion for Leave to file a Second Amended Complaint.

Dated: September 12, 2023.

|  |  |
|---|---|
| KWAME RAOUL,<br>Illinois Attorney General | Respectfully Submitted,<br><br>By: /s/ Simerdeep Kaur<br>SIMERDEEP KAUR<br>Assistant Attorney General<br>Office of the Illinois Attorney General<br>100 W. Randolph St., Floor 13<br>Chicago, Illinois 60601-3218<br>Office: (312) 814-3149<br>Email: Simerdeep.kaur@ilag.gov |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2023 the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system. The following participants were served via the Court's EM/ECF system:

Timothy Ryan Farrell
Ropes & Gray LLP
191 North Wacker Drive
32nd Floor
Chicago, IL 60606
312 845 1209
Fax: Active
Email: timothy.farrell@ropesgray.com

Francis X Liesman, III
Ropes & Gray LLP
191 North Wacker Drive
32nd Floor
Chicago, IL 60606
312-845-1399
Email: francis.liesman@ropesgray.com

John Wolf
Ropes & Gray Llp
191 N Wacker Dr
32nd Floor
Chicago, IL 60606
(312) 845-1245
Email: jack.wolf@ropesgray.com


                                            */s/ Simerdeep Kaur*
                                               SIMERDEEP KAUR