IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| JEREMY WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20-cv-50390 |
| | ) | |
| v. | ) | Honorable Iain D. Johnston |
| | ) | Honorable Margaret J. Schneider |
| | ) | |
| MICHAEL CONLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION**

Defendants Jordan Black, Michael Conley, Kassandra Marinelli, Danny Martinez, Luke Papke, and Ben Schlosser (collectively, "Defendants"), by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, hereby respond to Plaintiff's First Request for Production of Documents, as follows:

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. All Documents related to the employment of the Defendants, as well as Correctional Officer Porter, Correctional Lieutenant Mazano, and Nurse Emmons, including, without limitation, all personnel files, grievances, complaints, human resources investigations, performance appraisals, evaluations, or records of discipline. This request does not include or seek the production of social security numbers, bank account information, drivers license numbers, insurance information, or information relating to officers' family members, if any, contained in the requested personnel files.

**RESPONSE:** **Defendants object to this Request on the grounds that "all documents related to the employment of the Defendants" is vague and overly broad. Defendants further object to this Request on the grounds that personnel files of State employees are confidential and not available for public inspection pursuant to 80 Ill. Admin. Code § 304.40(a). Objecting further, disclosing information**

1

**from state employees' personnel files to an individual formerly incarcerated within the Illinois Department of Corrections, like Plaintiff, may create a safety or security risk. Defendants further object that any disciplinary records, the documents in Defendants' personnel file, and any other responsive documents that do not reference Plaintiff or the facts alleged in Plaintiff's Complaint are not relevant to the claims and defenses in this litigation. Defendants further object that producing any such documents that are not related to Plaintiff or the facts alleged in Plaintiff's Complaint would not be proportional to the needs of this case when the limited probative value of any such documents is weighed against Defendants' interest against disclosing personal and sensitive information in their personnel files.**

**Objecting further, the request for all grievances filed by IDOC inmates that reference Defendants is unduly burdensome. To the extent that inmate grievances or complaints are retained by Dixon Correctional Center in the regular course of business, such documents are only stored in hard copy in the master files of the grieving inmate. Such grievances are not organized by topic, and Dixon Correctional Center has no mechanism in place to retrieve all grievances or complaints filed on a particular topic. Nor does Dixon Correctional Center track the individual staff members named in a grievance, and Dixon Correctional Center has no mechanism in place to retrieve all grievances or complaints that mention Defendants or any particular staff member. IDOC has no way to locate such documents other than to manually review the hundreds of thousands of grievance documents in the master files of all inmates who are, or ever have been, incarcerated at Dixon Correctional Center, to see whether any of those hundreds of thousands of documents mention Defendants.**

**Defendants further object that producing grievances—which often contain personal and/or sensitive information—submitted by non-consenting third party inmates to an individual formerly incarcerated within the Illinois Department of Corrections, like Plaintiff, could jeopardize the safety of those inmates, jeopardize the safety of any staff referenced in any of the grievances, or create other safety or security risks. Defendants further object to the extent that any such grievances contain medical information on the grounds that producing such grievances from non-consenting third party inmates would violate those inmates' rights under the Health Insurance Portability and Accountability Act.**

**Defendants further object that any grievances and complaints that were filed by inmates other than Plaintiff, or which involve incidents other than those alleged in Plaintiff's Complaint, are not relevant to the claims and defenses in this litigation. Furthermore, this Request is not proportional to the needs of this litigation when the massive burden on IDOC to produce such documents is weighed against the minimal probative value that such documents may hold, as well as the likelihood that any such documents would be inadmissible at trial. *See Saleh v. Pfister*, 18 C 1812, 2021 WL 326361, \*10 (Feb. 1, 2021).**

2

>**Subject to and without waiving the foregoing objections, Defendants respond that all documents in Plaintiff's grievance file with the Administrative Review Board from January 1, 2020 until the date of Plaintiff's discharge from IDOC custody are produced as IDOC004517-IDOC004556. Defendants further respond that all grievances and responses in Plaintiff's master file from January 23, 2020 until the date of Plaintiff's discharge from IDOC have been requested and will be produced, as received, to the extent that they exist, can be reasonably located, and do not contain confidential or sensitive information.**

2. All Documents relating to investigations, threatened or filed lawsuits, claims or proceedings, whether civil, criminal, or administrative, against or involving the Defendants, as well as Correctional Officer Porter, Correctional Lieutenant Mazano, and Nurse Emmons, in their capacity as IDOC Personnel members or contractors.

**RESPONSE:** **Defendants object to this Request on the grounds that any investigations or lawsuits involving inmates other than Plaintiff or investigations or lawsuits unrelated to the facts alleged in Plaintiff's Complaint are not relevant to the claims and defenses in this litigation. Defendants further object that, to the extent that this Request seeks documents related to all civil actions that have been filed by other inmates against Defendants, Officer Porter, Lt. Manzano, and Nurse Emmons, this Request is unduly burdensome. IDOC does not maintain records that are designed to track when, or how many times, specific employees are named in civil complaints filed by inmates. IDOC and/or its employees are named in hundreds of *pro se* civil complaints filed by incarcerated individuals every year. Determining when, if ever, these nine individuals have ever been named as defendants to such complaints, and producing all documents that are in any way "relat[ed] to" those complaints, would require IDOC to review hundreds of thousands of documents from past and present litigation to determine whether any of those documents are responsive to this Request. Objecting further, to the extent that this Request calls for an ESI search, Defendants object that conducting an ESI search is not proportional to the needs of this litigation, and on the grounds that the parties have not discussed any parameters for an ESI search, including custodians, search terms, and the time period of communications to be searched.**

> **Defendants further objects to extent that this Request seeks production of civil complaints or other documents filed in federal court on the grounds that such documents are equally available to Plaintiff's counsel through PACER. In furtherance of this objection, Defendants recognize that PACER allows an attorney to search for all federal civil cases where a particular individual (such as Defendants, Officer Porter, Lt. Manzano, and Nurse Emmons) is named as a party.**

3

**Defendants further object that "all documents relating to…filed lawsuits" is vague. To the extent that this request is not limited to publically-filed documents in federal civil cases, Defendants object that this request is overly broad and would include any piece of discovery produced by any party at any time in such lawsuits, including documents that are sealed, subject to protective orders, confidential, or would compromise the safety and security of IDOC correctional centers, inmates, or staff if disclosed to Plaintiff. Defendants further object that producing such a potentially massive amount of documents that are in any way "related" to such civil cases would be unduly burdensome, would necessarily include massive amounts of documents that are unrelated to the claims and defenses in this action, and would not be proportional to the needs of this case.**

**Defendants further object that "threatened…lawsuits" is vague such that Defendants cannot adequately ascertain the documents sought by Plaintiff. Defendants further object that any request for "threatened" lawsuits is unduly burdensome because IDOC does not track or record when civil litigation has been "threatened" against any individual.**

**Defendants further object that "investigations" is vague such that Defendants cannot adequately ascertain the documents sought by Plaintiff. To the extent that this Request seeks documents from any investigation file from the Internal Affairs Department, Defendants object that such investigation files include sensitive information would create a safety or security risk if disclosed to an individual formerly incarcerated within the Illinois Department of Corrections, like Plaintiff. Defendants further object to the extent that such investigation files include medical or mental health information protected by the Health Insurance Portability and Accountability Act. Further, to the extent that such investigation files regard other instances than those alleged in Plaintiff's Complaint, such investigation files are not relevant to the claims and defenses in this litigation, and production of such files is not proportional to the needs of this case when the limited probative value of such documents is weighed against the potential security risks.**

**Objecting further, as a whole, this Request is not proportional to the needs of this litigation upon consideration of the massive burden on IDOC to search for and retrieve responsive documents, the potential safety, security, and privacy risks of production, the minimal probative value that such documents would have, the likelihood that any such documents would be inadmissible at trial, and Plaintiff's counsel's equal access to the documents that can be retrieved through PACER.**

**Subject to and without waiving the foregoing objections, Defendants respond that the Internal Affairs Investigation Report regarding the extraction of Plaintiff from his cell on late January 23, 2020 and/or early January 24, 2020 is produced as IDOC000001-IDOC000026. For security purposes, and pursuant to privacy statutes, sensitive mental health information has been redacted from this report.**

4

3. All Documents, Communications, and Items concerning the Incident, including, without limitation, all video, audio, or photographic recordings of the Incident.

**RESPONSE: Defendants object to the extent that this Request seeks production of sensitive material that could pose a safety or security risk to IDOC correctional centers, inmates, or staff. Defendants further object to the extent that this Request seeks disclosure of medical or mental health information protected by the Health Insurance Portability and Accountability Act. Defendant further objects to the extent that this Request calls for an ESI search on the grounds that an ESI search is not proportional to the needs of this litigation, and on the grounds that the parties have not discussed any parameters for an ESI search, including custodians, search terms, and the time period of communications to be searched.**

**Subject to and without waiving the foregoing objections, Defendants respond that all incident reports from January 23, 2020 that reference the events alleged in this litigation are produced as IDOC000027-IDOC000045. Defendant further responds that the Internal Affairs Investigation Report regarding the extraction of Plaintiff from his cell on late January 23, 2020 and/or early January 24, 2020 is produced as IDOC000001-IDOC000026. For security purposes, and pursuant to privacy statutes, sensitive mental health information has been redacted from this report. Defendants further respond that, after a reasonable investigation, Defendants do not believe that any photographs related to the facts alleged in Plaintiff's Complaint exist. Defendant further responds that they believe a video file exists that is related to the facts alleged in Plaintiff's Complaint, and Defendants agree to produce this video after the parties agree on the method of production and its technological implications. Defendants further respond that they are not aware of the existence of any other documents related to the incident alleged in Plaintiff's Complaint.**

4. All Documents, Communications, and Items concerning administrative grievances made by Mr. Washington, including those relating to the Incident.

**RESPONSE: Defendants object to this Request on the grounds that it is overly broad in terms of time and scope because it is not limited to any particular time period and, specifically, is not limited to a time period that is relevant to this litigation. Defendants further object that "items concerning administrative grievances made by Mr. Washington" is vague. Defendants further object to the extent that this Request requires IDOC to perform an ESI search on the grounds that an ESI search is not proportional to the needs of this litigation, and on the grounds that the parties have not discussed any parameters for an ESI search, including custodians, search terms, and the time period of communications to be searched. Subject to and without waiving the foregoing objections, Defendants respond that all documents in Plaintiff's grievance file with the**

5

> **Administrative Review Board from January 1, 2020 until the date of Plaintiff's discharge from IDOC custody are produced as IDOC004517-IDOC004556. Defendants further respond that all grievances and responses in Plaintiff's master file from January 23, 2020 until the date of Plaintiff's discharge from IDOC custody have been requested and will be produced, as received, to the extent that they exist, can be reasonably located, and do not contain confidential or sensitive information. Defendants further respond that, to the extent that any communications or other documents related to these grievances exist, they are included in those documents produced from Plaintiff's master file and from Plaintiff's grievance file with the Administrative Review Board.**

5. All Documents, Communications, and Items concerning Mr. Washington's IDOC records, including his medical, psychiatric, disciplinary, and Crisis Watch records.

**RESPONSE:** **Defendants object that this Request is overly broad in time and scope because it is not limited to any time period. Defendants further object that the phrase "Crisis Watch records" is vague such that Defendants cannot reasonably ascertain what documents Plaintiff seeks. Defendants further object that "IDOC records" is vague, and Plaintiff's request for all "IDOC records" is overly broad. Objecting further, "communications…concerning Mr. Washington's IDOC records" is vague, overly broad, and requests documents that are not relevant to the claims and defenses in this litigation. Defendants further object to the extent that this Request seeks production of records that are confidential. Defendants further object to the extent that this Request requires IDOC to perform an ESI search on the grounds that an ESI search is not proportional to the needs of this litigation, and on the grounds that the parties have not discussed any parameters for an ESI search, including custodians, search terms, and the time period of communications to be searched.**

> **Subject to and without waiving the foregoing objections, Defendants respond that Plaintiff's medical records from January 24, 2020 until his discharge from the Illinois Department of Corrections are produced as IDOC000046-IDOC003135. Defendants further respond that all crisis watch logs of Plaintiff from January 1, 2019 until Plaintiff's discharge from the Illinois Department of Corrections are produced as IDOC003136-IDOC004498. Defendants further respond that all disciplinary records in Plaintiff's master file have been requested and will be produced, as received, to the extent that they exist, can be reasonably located, and do not contain confidential or sensitive information.**

6. All Communications between Mr. Washington and IDOC.

**RESPONSE:** **Defendants object to this Request on the grounds that "all communications" that have ever been made in any way between Plaintiff and any individual ever employed by or associated with the Illinois Department of Corrections is**

6

**overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object that this Request seeks documents that are not relevant to the claims and defenses in this matter because it seeks "all communications" between Plaintiff and any individual ever employed by or associated with IDOC, not just those communications that are related to facts alleged in Plaintiff's Complaint. Defendants further object that this Request is overly broad in time and scope because it is not limited to any particular time period and, specifically, is not limited to a time period that is relevant to this litigation. Subject to and without waiving the foregoing objections, Defendants respond that all documents in Plaintiff's grievance file with the Administrative Review Board from January 1, 2020 until the date of Plaintiff's discharge from IDOC custody are produced as IDOC004517-IDOC004556. Defendants further respond that all grievances and responses in Plaintiff's master file from January 23, 2020 until the date of Plaintiff's discharge from IDOC have been requested and will be produced, as received, to the extent that they exist, can be reasonably located, and do not contain confidential or sensitive information.**

7. All IDOC's Procedures and Policies that were in effect at the time of the Incident.

**RESPONSE:** **Defendants object to this Request on the grounds that it is overly broad seeks information that is not related to the claims and defenses in this litigation because it requests all policies and procedures that were in effect, not just those policies and procedures that are related to Plaintiff's allegations in this case, or that would govern the alleged actions of Defendants on January 24, 2021. Defendants further object that it would be unduly burdensome for Defendants to produce all policies and procedures that in any way existed on January 24, 2021, rather than those policies and procedures that are related to the claims and defenses in this case. Defendants further object that this Request is not proportional to the needs of this case. Subject to and without waiving the foregoing objections, see the policies and procedures produced as IDOC004499-IDOC004516.**

8. All Documents or Communications relating to training received by IDOC Personnel within two months of the Incident regarding the IDOC's Procedures and Policies, including any Documents or Communications relating to Defendants' attendance at or participation in such trainings.

**RESPONSE:** **Defendants object to this Request on the grounds that it is overly broad and requests documents that are not relevant to the claims and defenses in this litigation because its request for documents related to personnel training is not limited to training that Defendants received or training regarding use of force, use of mental health restraints, cell extraction, or any other training related to the facts alleged in Plaintiff's Complaint. Subject to and without waiving the**

7

**foregoing objections, no officer training programs occurred at Dixon Correctional Center from November 23, 2019 through January 24, 2020.**

9. All Documents, Communications, and Items related to the Illinois State Police's investigation of the Incident.

**RESPONSE: Defendants object to this Request on the grounds that it seeks documents in possession of the Illinois State Police Department, not Defendants or the Illinois Department of Corrections. Defendants further object that this Request assumes facts not in evidence because Defendants are not aware that the Illinois State Police conducted any investigation of the facts alleged in Plaintiff's Complaint. Defendants further object that, to the extent that any such police investigation file exists, it may contain sensitive or confidential information. Subject to and without waiving the foregoing objections, Defendants respond that the Illinois State Police were not called to Dixon Correctional Center in connection with the incident at issue in Plaintiff's Complaint, and Defendants are not aware of any investigation of the incident by the Illinois State Police.**

10. All Documents or Communications created, reviewed, consulted, or otherwise used in responding to any Requests for Admission and Interrogatories propounded by Plaintiff.

**RESPONSE: Defendants object to this Request on the grounds that it assumes facts not in evidence because Plaintiff has not served any Requests for Admission or Interrogatories upon Defendants. To the extent that this Request seeks production of documents that may be identified through future discovery requests that have not yet been issued, Defendants object that this Request is premature. Subject to and without waiving the foregoing objections, Defendants respond that—as of the date of these Responses—Defendants have not received or responded to any Requests for Admission or Interrogatories in this matter.**

11. All Documents, Communications, and Items that Defendants deem relevant to any claim or defense in this litigation, including Documents, Communications, and Items that Defendants contemplate presenting at any deposition or at trial in this litigation.

**RESPONSE: Defendants object this Request on the grounds that it is premature. Subject to and without waiving the foregoing objection, Defendants respond that all documents that are relevant to the claims and defenses in this litigation and are known at this time to exist have been identified in these Responses or otherwise produced. Defendants' investigation continues, and Defendants expressly reserve the right to supplement or amend these Responses.**

Dated: December 3, 2021

Respectfully Submitted,

KWAME RAOUL
Attorney General of Illinois

*/s/ Maebetty Kirby*
Maebetty Kirby
Assistant Attorney General
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(773) 590-7857
mary.kirby@ilag.gov

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 3, 2021, she caused a copy of the foregoing document, as well as the documents marked as IDOC000001-IDOC004556, to be sent to the following address via email:

Timothy Ryan Farrell
Jack Wolf
Ropes & Gray LLP
191 North Wacker Drive
32nd Floor
Chicago, Illinois 60606
(312) 845-1209
timothy.farrell@ropesgray.com
jack.wolf@ropesgray.com

                                              Respectfully Submitted,

                                              */s/ Maebetty Kirby*
                                              Maebetty Kirby