IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Jeremy Washington, | |
| *Plaintiff*, | Case No. 3:20-cv-50390 |
| *v.* | Honorable Michael F. Iasparro |
| Michael Conley, et al., | |
| *Defendants*. | |

## MEMORANDUM OPINION AND ORDER

Defendants Katherine Emmons, Colton Love, Christopher Wheeler and Brent Porter ("Additional Defendants") have filed a motion for leave to file an answer and affirmative defenses to the Second Amended Complaint, while Defendants Jordan Black, Michael Conley, Kassandra Marinelli, Danny Martinez, Sr., Luke Papke and Benjamin Schossler ("Original Defendants") seek to adopt such answer and affirmative defenses as their own, effectively asking to amend their prior answer and affirmative defenses to the Second Amended Complaint, which was filed on January 12, 2024. For the reasons stated below, both requests [164] are granted.

## BACKGROUND

This case has been pending since October 8, 2020. Additional Defendants were not named as parties until November 27, 2023, when the Second Amended Complaint ("SAC") was filed. On January 12, 2024, Original Defendants filed their Answer and Affirmative Defenses to the SAC. However, no Additional Defendants had yet been served with a summons or copy of the SAC by that time, and in fact summonses were not issued for Additional Defendants until February 13, 2024. Waivers of service for Additional Defendants were returned executed on May 17, 2024 (Additional Defendants Emmons, Porter and Wheeler) and May 28, 2024 (Additional Defendant Love). On

1

July 25, 2024, after being granted extensions of time to file a responsive pleading, Additional Defendants filed a motion to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. That motion was denied by the district court on November 14, 2024, making Additional Defendants' answer to the SAC due no later than November 28, 2024. Fed. R. Civ. P. 12(a)(4)(A) (if the court denies a motion pursuant to Rule 12, the responsive pleading must be served within 14 days after notice of the court's action). No answer has been filed on behalf of Additional Defendants.

Despite no answer having been filed on behalf of Additional Defendants, since the SAC was filed in November 2023, Plaintiff has engaged in discovery targeted at both Original Defendants and Additional Defendants. *See* Dkt. 151, 156, 160, 167. As of April 17, 2025, the parties reported that all Original Defendants and all Additional Defendants (except for Defendant Colton Love, who is deployed on active military duty) had been deposed. Dkt. 167. On June 6, 2025, the parties jointly reported that counsel for Defendants produced additional responsive documents to Plaintiff on May 29 and June 5, 2025. Dkt. 177. On June 13, 2025, the parties further jointly reported that they agreed that Original Defendants Papke, Schossler, Black and Conley would be produced for second depositions, limited to the production of additional documents made on May 29 and June 5, 2025. Dkt. 180.[1]

Current defense counsel is the fifth attorney from his office to be assigned to this case, having been granted leave to substitute as counsel for all Defendants on February 24, 2025. Dkt. 159. On April 11, 2025, after having been the attorney of record in this case for just over six weeks, defense counsel filed Defendants' Motion (1) for Leave to File Answer and Affirmative Defenses on behalf

---

[1] While the fact discovery deadline was extended to April 17, 2025 (Dkt. 157), since then the parties have been regularly updating the court regarding their efforts surrounding the late production of text messages and communications between Defendants. See Dkts. 167, 171-174, 177-178, 180.

of Additional Defendants, (2) for Prior Defendants to Adopt Such Answer and Defenses, and (3) to Stay Adverse Proceedings as to Colton Love Pursuant to the Servicemembers Civil Relief Act. Dkt. 164. Attached to that motion was the proposed Amended Answer to Plaintiff's Second Amended Complaint. Dkt. 164-1. Plaintiff does not object to proceedings being stayed as to Colton Love pursuant to the Servicemembers Civil Relief Act, and that aspect of the motion is granted. Plaintiff does oppose Additional Defendants being able to file their answer and affirmative defenses at this juncture, and, if that relief is granted, Original Defendants being able to adopt that answer and affirmative defenses as their amended answer and affirmative defenses to the SAC.

## LEGAL STANDARD

### A. Good Cause and Excusable Neglect Under Rule 6(b)(1)(B)

With respect to Additional Defendants' request for leave to file their answer and affirmative defenses at this juncture, which is well beyond the deadline to have done so (14 days from the denial of their motion to dismiss, or November 28, 2024, pursuant to Fed. R. Civ. P. 12(a)(4)(A)), Additional Defendants must establish both good cause and excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2005) (affirming district court's denial of motion for extension of discovery deadline filed one month after the deadline had passed). "In determining whether excusable neglect exists, courts are guided by the factors the Supreme Court identified in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993): (1) the danger of prejudice to the non-movant, (2) the length of the delay and its impact on the judicial proceedings, (3) the reason for the delay (including whether the delay was within the control of the movant), and (4) the movant's good faith." *McCann v. Cullinan*, No. 11 CV 50125, 2015 U.S. Dist. LEXIS 91362, at *20-22 (N.D. Ill. July 14, 2015) (citing *Raymond v. Ameritech Corp.*, 442 F.3d 600, 605 (7th Cir. 2006)).

### B. Leave Should be Freely Given and Rule 16(b)(4) Good Cause

With respect to Original Defendants' request to adopt Additional Defendants' answer and affirmative defenses, generally such a request is governed by Fed. R. Civ. P. 15(a)(2), which provides that, after the time has run for a party to amend its pleading once as a matter of course, a party may amend its pleading only with the opposing party's written consent or the court's leave, which the court "should freely give … when justice so requires." As the Seventh Circuit has pointed out, however, that "rule is in some tension with the rule that governs scheduling orders, Federal Rule of Civil Procedure 16." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Magistrate Judge Schneider had occasion to analyze that tension in this case when she ruled on Plaintiff's motion for leave to file the SAC. Dkt. 107. In granting that leave, Judge Schneider pointed out that the Seventh Circuit has held that "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the [non-moving parties], or where the amendment would be futile. Under Rule 16(b)(4), once a deadline set by the court to amend pleadings has passed, the deadline may be modified only for good cause and with the judge's consent. Given this tension, courts have held that a district court may apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied. In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Id.*, at 1 (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008); *Alioto v. Town of Lisbon*, 651 F.3d at 719; *Cage v. Harper*, 42 F.4th 734, 743 (7th Cir. 2022)) (citation modified).

## DISCUSSION

### A. Additional Defendants' Motion for Leave to File Answer and Affirmative Defenses

#### 1. The danger of unfair prejudice to Plaintiff

The prejudice to Plaintiff in allowing Additional Defendants to file their answer and affirmative defenses at this juncture is minimal. Additional Defendants have all defended the case since filing their motion to dismiss the SAC on July 25, 2024, and all but Defendant Love have responded to discovery and been deposed. Moreover, of the two affirmative defenses which were not raised as part of Original Defendants' answer to the SAC in January 2024, one of them, the statute of limitations defense, was raised as a basis to dismiss the SAC by Additional Defendants. Moreover, the statute of limitations issue was raised by Defendants in their opposition to Plaintiff's request for leave to file the SAC, an issue which Judge Schneider declined to engage with based on a determination that it was perhaps more properly addressed by way of dispositive motion. Dkt. 107 at 4. In short, the statute of limitations defense, which Judge Schneider and Judge Johnston have each now considered but deemed premature, can hardly be called a surprise to Plaintiff. There certainly is no undue prejudice to Plaintiff in permitting it to be formally pled as an affirmative defense at this juncture.

Plaintiff's primary contention of prejudice focuses on Additional Defendants' proposed affirmative defense based on *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* provides that a civil rights suit cannot be maintained by a prisoner if a judgment in his favor would "necessarily imply" that his conviction was invalid. *Id.* at 487. The rule has been extended to forbid a prisoner in a civil rights case from challenging an essential finding in his criminal or prison-discipline case– if he insists on doing that, the civil rights case must be dismissed. *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). The Seventh Circuit has made clear that it is not prison discipline in and of

itself that triggers *Heck*, but rather a plaintiff challenging findings of a prison disciplinary board. *Moore v. Mahone*, 652 F.3d 722, 725-26 (7th Cir. 2011).

Here, Plaintiff has represented that regarding the events relevant to the disciplinary action associated with the circumstances at issue in this case, he "seeks to prove that Defendants' conduct in withholding his medication, creating the incendiary conditions under which they used excessive force – and the use of force during his cell extraction itself – was unconstitutional." Dkt. 179 at 15. According to Plaintiff, "[t]hat does not require [him] to challenge the outcome of any disciplinary proceeding, nor does it even place his own conduct at issue." *Id.* Further, Plaintiff suggests that to the extent the Court may find that he has not remained "agnostic" in this case about the findings in the underlying disciplinary proceeding, the Court should disregard the portions of the SAC in which Plaintiff may be understood to "den[y] the [Dixon disciplinary board's] findings." *Id.* at n. 4. These representations all seem to concede that *Heck* is applicable, at least in some respect, to the facts of this case, and that Plaintiff acknowledges and agrees to abide by the parameters established by that rule of law. Under those circumstances, the prejudice to Plaintiff in allowing the *Heck* defense to be raised is negligible.

## 2. The length of the delay and its impact on the judicial proceedings

Second, a five-month delay in seeking leave to file Additional Defendants' answer is substantial. Delays of only two weeks have been found significant. *See, e.g., Postle v. Bath & Body Works, LLC*, No. 13CV50374, 2015 U.S. Dist. LEXIS 15372, at *5 (N.D. Ill. Feb. 9, 2015) (two weeks); *Keeton v. Morningstar, Inc.*, 667 F.3d 877 (7th Cir. 2012) (affirming denial of motion for leave to file summary judgment response instanter 20 days after it was due). But context matters, and Additional Defendants have been actively participating in and defending this case on the merits, and denying liability, between November 14, 2024 (the date their motion to dismiss the SAC was denied), and the date their present motion for leave was filed, April 11, 2025. Plaintiff's suggestion

6

that it would be more appropriate to default Additional Defendants at this juncture, rather than allow them to file their answer and affirmative defenses, is not well taken. They have appeared and have actively defended against the claims asserted. *See* Fed. R. Civ. P. 55(a) ("Where a party against whom a judgment for affirmative relief is sought has failed to plead **or otherwise defend**, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." (emphasis added)). Allowing Additional Defendants to answer now will have a minimal impact on the judicial proceedings, necessitating only minimal additional discovery (if any) beyond what the parties have already contemplated and agreed upon (more on that below). And, importantly, no trial date has been scheduled, nor has there been any dispositive motion deadline established.

### 3. The reason for the delay

Third, with respect to the reason for the delay (including whether the delay was within the control of the movants), defense counsel, to his credit, fell on the proverbial office sword. The reason proffered is that prior counsel assigned from the Illinois Attorney General's Office simply forgot, and that the task of filing an answer on behalf of Additional Defendants simply slipped through the cracks. Perhaps not the best reason, but a candid one. Upon discovering this error, the current defense counsel did promptly seek to rectify it, which, coupled with Additional Defendants' active participation defending the case during the relevant period, makes this factor less important (this despite the fact that courts have called the reason for the delay the most important factor). *See Graphic Communications Int'l v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 6 (1st Cir. 2001) (citing *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)).

### 4. The movants' good faith

Lastly, in addressing the movants' good faith, Plaintiff focuses on a series of discovery disputes and tardy production of records seemingly unrelated to the filing of the proposed answer. In particular, Plaintiff points to documents requested as far back as April 2023, some of which have

only recently been produced.  As noted above, the parties have kept the Court apprised of those issues and have indicated that they have reached agreement that certain Defendants will be produced for a second deposition limited to the recent productions in May and June of this year.  In addition to cooperating with Plaintiff's counsel in that respect, the current defense counsel appears to have acted in good faith once he discovered no answer had been filed on behalf of Additional Defendants.  Shortly after learning that Additional Defendants had not filed an answer, defense counsel filed the instant motion seeking leave to do so.  Under these circumstances, this Court cannot conclude that the movants acted in bad faith.

Because the determination of whether a party's neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," equity here favors allowing Additional Defendants to file their answer and affirmative defenses to the SAC. *Pioneer Ins. Servs. Co.*, 507 U.S. at 395 (stating that "excusable neglect" may extend to inadvertent delays and that "it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."); *see also Lewis v. Sch. Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008) ("A finding of excusable neglect is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer, but extends to some cases in which the delay is caused by inadvertence, mistake, or carelessness." (citation modified)).

### B. Original Defendants' Motion for Leave to Adopt Additional Defendants' Answer and Affirmative Defenses

Turning now to Original Defendants' motion to adopt Additional Defendants' answer and affirmative defenses to the SAC, which is essentially a request to amend their initial answer and affirmative defenses to the SAC (filed on January 12, 2024), some further context and chronology is important.

8

The original Rule 16 scheduling order in this case, entered on September 28, 2021, established an April 29, 2022 deadline for the filing of amended pleadings. Dkt. 55. On April 29, 2022, in response to Plaintiff's filing of an amended complaint, the court entered an order requiring Plaintiff to comply with Fed. R. Civ. P. 15(a)(1), and to either file a motion for leave to file an amended complaint or provide the court with written consent from Defendants. Dkt. 69. Plaintiff filed a motion for leave to file an amended complaint on May 13, 2022, and leave was granted. Dkts. 71-72. On May 31, 2022, the court entered a revised case management order and noted that the deadline to file amended pleadings was "previously met." Dkt. 76. Since the revised case management order was entered, numerous extensions of the fact discovery deadline were granted, including most recently on February 24, 2025, when the court reset the close of fact discovery to April 17, 2025. Dkt. 157. Despite the deadline for amending pleadings having been previously met (and no further deadline thereafter established), Plaintiff, on August 25, 2023, filed a motion for leave to file a second amended complaint. Dkt. 99. On November 17, 2023, the court granted that request over Defendants' objection. Dkt. 107. Thus, Plaintiff is now objecting to Additional Defendants filing an untimely answer and affirmative defenses to the SAC, which Plaintiff untimely filed in the first place.

For many of the same reasons already discussed above, the Court concludes there has been neither bad faith nor dilatory motive on the part of Original Defendants in seeking to amend their initial answer and affirmative defenses to the SAC. Nor will Plaintiff be unduly prejudiced by allowing Original Defendants to adopt Additional Defendants' answer and affirmative defenses (thus, effectively, amending their initial answer and affirmative defenses).

As it pertains to revised answers to certain allegations of the SAC, as Original Defendants point out, in most instances Original Defendants are merely clarifying their prior answers by, for example, specifically denying an allegation rather than indicating they have insufficient knowledge

to admit or deny an allegation (which operated as a denial anyway).  *Cf., e.g.*, Dkts. 118, 164-1, answers to ¶¶31-33, 40, 44, 50, 54-58, 60, 62, 64, 66-68, 81-85, 87, 89-90, 93, 95-97, 116-118, 131. There can be little if any prejudice to Plaintiff where Original Defendants go from a denial, because they have insufficient knowledge or information to answer an allegation, to an actual denial or, as to certain allegations, to an admission.

With respect to adoption of the *Heck* affirmative defense (the statute of limitations affirmative defense applies only to Additional Defendants), Plaintiff has been represented in this case by sophisticated counsel, and the *Heck* rule has existed since 1994, and was extended to prison disciplinary proceedings at least as early as 2003.  *See Heck*, 512 U.S. 477 (1994); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).  So, the law itself in this arena is no surprise.  Defense counsel represented at oral argument that Defendants have no intention of seeking summary judgment as to any Defendant based on the *Heck* doctrine but rather view its application in this case to be limited to the motion in limine stage.  As discussed above, Plaintiff understands the limitations placed on him by the *Heck* doctrine. Based on this posture, it does not appear that the parties' positions diverge in any material respect, and that the *Heck* doctrine's parameters frame the parties' understanding of what is permissible and what is not (regardless of whether it is ultimately applied as a true affirmative defense).[2]  As such, Plaintiff will not be unduly prejudiced by allowing Original Defendants to amend their answer by adopting Additional Defendants' answer and affirmative defenses.

---

[2] While the topic was discussed during oral argument on the pending motion, the Court makes no ruling and offers no opinion at this juncture as to what if any additional discovery may be needed or is appropriate as it pertains to the *Heck* doctrine or its specific application to the facts of this case.

## CONCLUSION

For the foregoing reasons, Defendants Katherine Emmons, Colton Love, Christopher Wheeler, and Brent Porter's motion for leave to file an answer and affirmative defenses is granted, Defendants Jordan Black, Michael Conley, Kassandra Marinelli, Danny Martinez, Sr., Luke Papke and Benjamin Schossler's motion to adopt such answer and defenses is granted, and Defendant Colton Love's motion to stay adverse proceedings as to him pursuant to the Servicemembers Civil Relief Act is granted. By July 17, 2025, Defendants shall file their proposed answer and affirmative defenses which was attached to Dkt. 164 as a separate docket entry. The Court will schedule a telephonic status hearing by separate minute entry to discuss any additional limited discovery, for which a short and certain deadline will be established, and any other next steps for this matter.


Entered: July 10, 2025                    By: _____

                                                Michael F. Iasparro
                                                United States Magistrate Judge

11